## Harston, et al. v. Williams.

(Decided October 16, 1923.)

### Appeal from Allen Circuit Court.

1. **Executors and Administrators—Allowance for Board and Room Held Sufficient.**—An allowance of $1,500.00 for board and room of decedent for 103 weeks held sufficient, where the deceased did not eat all his meals at the claimant's house.

2. **Executors and Administrators—Allowance for Services Rendered Decedent Held Adequate.**—An allowance of $700.00 held adequate

for washing, ironing, and mending done for decedent during period of 103 weeks.

3. Executors and Administrators—Finding of Chancellor Given Great Weight.—A finding by chancellor as to proper amount of compensation for services rendered decedent was on a question of fact, and will be given great weight on appeal.

OLIVER & DIXON and F. R. GOAD for appellants.

GILLIAM & GILLIAM and HARPER & DENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Some time in the year 1920 R. L. Sears, of Allen county, died, leaving an estate valued at from $30,000.00 to $40,000.00. He was a bachelor but was survived by nephews and nieces. On December 9, 1917, he took up his residence at the home of appellant, William J. Harston, giving as his reasons, as the evidence shows, that he had been driven away from his own home. He was the owner of a large amount of land. The family at the home of Harston consisted of appellant, William J. Harston, and his sister, appellant, Sallie A. Harston, a maiden lady, and their mother, Mrs. Harston. The deceased, Sears, remained at the home of Harston from December 9, 1917, till December 3rd or 4th, 1919, almost two years, when he removed to the home of a relative, where he later died. At the time he went to the Harston home he was about sixty-six years of age and not in very good health, although he was able to go back and forth to his farms almost daily.

Appellants, William J. Harston and Sallie A. Harston, are each asserting a claim for services against the estate of Sears; William claims $3,711.50 and his sister $3,000.00. The first named claim is made up of several items, but the bulk of it, $2,000.00, is for board furnished R. L. Sears for one year and 361 days. William loaned deceased $625.00 cash, with which Sears bought property, and this item is not in contest, but appellee, Mrs. Williams, insists that the claim for $2,000.00 for board is excessive. Sears was there only 103 or 104 weeks. The charge is at the rate of approximately $19.00 per week. During the same period appellant, Sallie A. Harston, claims $3,000.00 for washing, ironing and mending for the deceased. This claim is also contested by appellee Williams on the ground of excessiveness. These questions

were referred to the master commissioner to hear proof, which he did; and this proof is now before us in the form of depositions. In his report the commissioner recommended that W. J. Harston be allowed the sum of $1,500.00 against the estate of Sears for board and room and that appellant, Sallie A. Harston, be allowed $500.00 for her services in washing, ironing and mending for him. The court confirmed the report of the master commissioner as to W. J. Harston, but sustained exceptions to the report as to the allowance of Sallie A. Harston, and raised it to $700.00. This did not satisfy the Harstons and they appeal to this court.

There is very little argument in the briefs of appellant on the claim of W. J. Harston, it being practically admitted that his allowance is large enough. He furnished the deceased a room and board at his home and was allowed $1,500.00 for 103 weeks, which was more than $2.00 per day. It is shown in the record that Sears did not eat all his meals at the Harston home but frequently had his lunch with some of his tenants on his lands; that he was able to go about and take care of himself for a large part of the time. We think the allowance is entirely sufficient.

We have very little doubt of the sufficiency of the allowance made to Miss Sallie A. Harston. She only claims to have given her services in washing, ironing and mending for the deceased. According to her evidence he was a very filthy person, badly diseased, having trouble with his bowels and kidneys as well as suffering from tuberculosis of the lungs. The odors were bad, according to her evidence

As Sears was not sick all the time and for much of the time was able to take care of himself, we are of opinion the allowance made to Miss Sallie A. Harston is adequate. It was at least one ($1.00) dollar per day for all the time he was at their home, and perhaps would figure several dollars per day if the days which he was sick only were counted. The allowance to her if confined to the days he was sick and confined to his bed, equals the charges generally made by a professional nurse. This she does not claim to have been.

The learned chancellor who tried the case below as well as the special commissioner who took and recorded the evidence, were both of opinion that the allowance made to her was at least large enough. It was a question

of fact to the finding of which this court gives great weight to the conclusions of the chancellor. We find no reason for disturbing his decree.

Judgment affirmed.